1  Jill K. Rizzo, SBN 236471
   MECKLER BULGER TILSON MARICK & PEARSON LLP
2  575 Market Street, 22nd Floor
   San Francisco, California 94105
3  Telephone: (415) 644-0914
   Facsimile: (415) 644-0978
4  Email:   jill.rizzo@mbtlaw.com

5

   Attorneys for Defendants
6  CARGILL MEAT SOLUTIONS CORPORATION and CARGILL,
   INC.
7

8                THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | STEVEN J. TOAL,                          | Case No. **1:13-cv-01246-AWI-GSA**
12 |                                           |
   |         Plaintiff,                        | **STIPULATED PROTECTIVE ORDER**
13 |                                           |
14 |     v.                                    |
15 | BEEF PACKERS, INC., a California          |
   | Corporation; CARGILL MEAT                 |
16 | SOLUTIONS CORPORATION, a                  |
   | Minnesota Corporation; CARGILL, INC., a   |
17 | Kansas Corporation; and DOES 1-50,        |
   | inclusive,                                |
18 |                                           |
   |         Defendants.                       |
19

20

21    1.      PURPOSES AND LIMITATIONS

22         Disclosure and discovery activity in this action are likely to involve production of

23 confidential, proprietary, or private information for which special protection from public

24 disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

25 Accordingly, the parties hereby stipulate to and petition the court to enter the following

26 Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket

27 protections on all disclosures or responses to discovery and that the protection it affords from

28

                                            1                          1:13-cv-01246-AWI-GSA

public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 11.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 and 141.1 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

    2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.2   <u>"CONFIDENTIAL" Information or Items</u>: Materials or information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under this Stipulated Protective Order shall mean any documents, materials, items, or information designated by Plaintiff, Defendants, or any other third party as "Confidential" and is limited to the following categories. The materials and information in categories (a) and (d) requires protection because it is not disclosed to the public, it is proprietary and commercially sensitive, it is the product of Defendants' experience and expertise in its industry, and the public disclosure of said information to the general public and to Defendants' competitors in particular would place Defendants at a competitive disadvantage and harm Defendants' business. The materials and information in categories (b) and (d) require protection in order to safeguard the confidential personal information of Defendants' employees who are not parties to this lawsuit and the dissemination of that information has the potential to lead to breach of their legally recognized privacy interests and subject them to possible identity theft. The materials in category (c) are recognized as protectable under the Federal Rules of Civil Procedure.

        (a)   any document or item containing information of a proprietary, confidential, commercially valuable, and/or competitively sensitive nature which is not in the public domain or disclosed to the public including, but not limited to, Defendants' proprietary business plans, facility layouts, operations, and practices; customer information; proprietary computer systems, databases, and software; and/or revenue or other financial data and reports;

    (b) Other than Plaintiff, the personnel information of Defendants' employees, including but not necessarily limited to work histories, hiring and separation documentation; performance ratings and/or evaluations; compensation information including salaries, earnings, pay, bonuses, stock options, incentive compensation, and tax and benefit information; bank or other financial information; contact information including phone numbers, email addresses, and home addresses; medical and health-related information; information regarding internal company investigations; and information about disciplinary actions, including terminations, taken against past or present employees, and reasons for any such actions.

    (c) In accordance with FRCP 5.2(d), social security numbers, taxpayer identification numbers, birth dates, minors' names, and financial account numbers.

    (d) Any portion of deposition transcripts and exhibits thereto, interrogatory responses, admissions, or other discovery, testimony, or argument, or any other documents and things, and all information otherwise obtained from a party pursuant to discovery and/or trial in this litigation which contains to the Confidential Information described in paragraphs (a) through (b) above.

  2.3 <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

  2.4 <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

  2.5 <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

  2.6 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

  2.7 <u>House Counsel</u>:  attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs). More than one Party is collectively referred to as "Parties".

2.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.15 <u>Action</u>: the above-entitled case, designated as *Steven J. Toal v. Beef Packers, Inc. et al.*, Case No. 1:13-cv-01246-AWI-GSA.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover any information that is in the public domain at the time of disclosure to the Receiving Party or becomes part of the public domain after its disclosure to the Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; any

1   information known to the Parties prior to the disclosure or obtained by the Receiving Party after
2   the disclosure from a source who obtained the information lawfully and under no obligation of
3   confidentiality to the Designating Party.

4   4.      DURATION

5   Even after final disposition of this litigation, the confidentiality obligations imposed by this
6   Order shall remain in effect until a Designating Party agrees in writing or a court order otherwise
7   directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses
8   in this action, with or without prejudice; and (2) final judgment herein after the completion and
9   exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time
10  limits for filing any motions or applications for extension of time pursuant to applicable law.

11  5.      DESIGNATING PROTECTED MATERIAL

12      5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party
13  or Non-Party must designate for protection only those parts of material, documents, items, or oral
14  or written communications that qualify as Protected Material.  If it comes to a Designating Party's
15  or Non-Party's attention that information or items that it designated for protection do not qualify
16  for protection that Non-Party or Designating Party must promptly notify all other Parties that it is
17  withdrawing the mistaken designation.

18      5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order or
19  as otherwise stipulated or ordered, Disclosure or Discovery Material must be clearly designated
20  before the material is disclosed or produced.  Designation in conformity with this Order requires:

21          (a) for information in documentary form (e.g., paper or electronic documents, but
22  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party
23  affix the legend "CONFIDENTIAL" to each page that contains protected material.  If only a
24  portion or portions of the material on a page qualifies for protection, the Producing Party also must
25  clearly identify the protected portion(s) by making appropriate markings in the margins.  A Party
26  or Non-Party that makes original documents or materials available for inspection need not
27  designate them for protection until after the inspecting Party has indicated which material it would
28  like copied and produced.  During the inspection and before the designation, all of the material

1  made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has
2  identified the documents it wants copied and produced, the Producing Party must determine which
3  documents, or portions thereof, qualify for protection under this Order.  Then, before producing
4  the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each
5  page that contains Protected Material.

6  (b) for testimony given in deposition or in other pretrial or trial proceedings,
7  that the Designating Party may identify on the record, before the close of the deposition, hearing,
8  or other proceeding, all protected testimony.

9  If the Party or Non-Party offering or sponsoring the testimony does not identify
10  protected testimony on the record, the Party or Non-Party that sponsors, offers, or gives the
11  testimony shall have up to thirty (30) calendar days following receipt of the final deposition
12  transcript to identify the specific portions of the testimony as to which protection is sought. Only
13  those portions of the testimony that are appropriately designated for protection within the thirty
14  (30) calendar days following receipt of the final deposition transcript shall be covered by the
15  provisions of this Order.

16  During the period commencing with a deposition session and ending thirty (30)
17  calendar days following receipt of the final deposition transcript, the Parties shall afford the
18  information disclosed therein the level of protection designated by the Designating Party.  Only
19  persons authorized under the terms of this Order to receive Protected Material shall be present
20  during the portions of the deposition testimony so designated.

21  Transcript pages containing Protected Material must be separately bound by the
22  court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as
23  instructed by the Party or Non-Party offering or sponsoring the witness or presenting the
24  testimony.

25  (c) <u>In the case of information produced on electronic media</u>, such as disks, CDs,
26  tapes, etc., designation shall be made by placing the "CONFIDENTIAL" legend on the exterior of
27  the disk, CD, tape, or other media, and such designation shall apply to all contents of the disk, CD,
28  tape or other media.  When information is printed out from such media, the Receiving Party shall

1   ensure that each page of all copies of the printed-out material bears the legend.

2       5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to
3   designate qualified information or items does not, standing alone, waive the Designating Party's
4   right to secure protection under this Order for such material.  Upon timely correction of a
5   designation, the Receiving Party must make reasonable efforts to assure that the material is treated
6   in accordance with the provisions of this Order.

7   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

8       6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of
9   confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality
10  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic
11  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to
12  challenge a confidentiality designation.

13      6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution
14  process by providing written notice of each designation it is challenging and describing the basis
15  for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written
16  notice must recite that the challenge to confidentiality is being made in accordance with this
17  specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in
18  good faith and must begin the process by conferring directly (in voice to voice dialogue; other
19  forms of communication are not sufficient) within 14 days of the date of service of notice. In
20  conferring, the Challenging Party must explain the basis for its belief that the confidentiality
21  designation was not proper and must give the Designating Party an opportunity to review the
22  designated material, to reconsider the circumstances, and, if no change in designation is offered, to
23  explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of
24  the challenge process only if it has engaged in this meet and confer process first.

25      6.3    <u>Judicial Intervention</u>.  A Party that elects to challenge the confidentiality
26  designation after considering the justification offered by the Designating Party may file and serve a
27  motion under Local Rules 230 and 251 (and in compliance with Civil Local Rules 141 and 141.1,
28  if applicable) that identifies the challenged material and sets forth in detail the basis for the

challenge. Each such motion must be accompanied by a declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the jurisdiction for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Confidential information may be disclosed by the Receiving Party only to:

(a) The Parties and their officers, directors and employees, including the Receiving Party's Outside Counsel of Record in this action, if applicable, and House Counsel;

(b) Experts;

(c) the court and its personnel;

(d) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(e) during their depositions, stenographic reporters, videographers and witnesses in the action to whom disclosure is reasonably necessary.

(f) non-party deponents may be shown Protected Material provided they agree to be bound to this Stipulated Protective Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound in a transcript and clearly marked on each page with the notation "CONFIDENTIAL INFORMATION." All other copies of such transcripts and exhibits, to the extent they pertain to or contain Confidential Information or summaries or extracts thereof, shall themselves be treated as Confidential Information pursuant to the terms of this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

Each person referred to in paragraph 7.2 hereof to whom Confidential Information is to be given, shown, disclosed, made available or communicated in any way, except personnel falling within paragraphs 7.2(a), 7.2(c) or 7.2(e) above (except deponent witnesses), shall execute an agreement, in the form attached hereto as Exhibit A, before said disclosure or communication of Confidential Information is made, stating that he or she agrees to be bound by and fully comply with the terms of this Stipulated Protective Order. Said declarations shall be retained by the attorneys who procured the agreement and, upon request by a Party, be made available for inspection.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) immediately, and in no event more than three court days after receiving the subpoena or order, notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and

expense of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use reasonable effort to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502, inadvertent production of any attorney-client communications or attorney work product will not result in a waiver of any protections over the material or subject matter. Upon written notice by the Producing Party that privileged material(s) were produced, the Receiving Parties shall return all privileged material within five (5) business days and destroy all copies including electronic copies of any privileged material(s). The Producing Party shall provide the Receiving Parties with a description of the privileged material(s) produced so that the Receiving Parties can identify promptly and accurately all privileged materials. Within five (5) business days of making the demand for the return of any privileged materials the Producing Party must produce a privilege log.

11. MISCELLANEOUS

11.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

      11.2    <u>Right to Assert Other Objections</u>.  By stipulating to this Protective Order no Party waives any right it would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence in litigation or at trial of any of the material covered by this Protective Order.

      11.3    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Confidential Information.  A Party that seeks to file under seal any Confidential Information must comply with Local Rule 141 and General Order 164.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

12.    <u>FINAL DISPOSITION</u>

      Within 20 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 20 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

///

13. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Stipulated Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and make the Non-Party's confidential information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. (The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to

///
///
///
///

protect its confidentiality interests.)  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection of its Protected Material.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  August 6, 2014 /s/ Roger D. Wilson
Law Office of Roger D. Wilson
Attorneys for Plaintiff

Dated:  *August 8, 2014* */s/ Jill K. Rizzo*
Jill K. Rizzo
Meckler Bulger Tilson Marick & Pearson LLP
Attorneys for Defendants

**ORDER**

The Court has reviewed the stipulation outlined above and adopts the stipulation *except* that the terms related to judicial intervention outlined in paragraph 6.3 will not be automatic, rather, the Court will determine on a case-by-case basis whether judicial intervention is warranted.  Relatedly, the parties are *strongly* encouraged to resolve any disputes arising from this agreement independently and without court involvement.

Dated: August 11, 2014 **/s/ Gary S. Austin**
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ of _____

declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of *STEVEN J. TOAL v. BEEF PACKERS, INC.*, United States District Court, Eastern District, Case No. 1:13-cv-01246-AWI-GSA.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____

_____ [print or type full address and telephone number]

_____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____

Signature: _____

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document filed via the Electronic Case Filing (ECF) system in the United States District Court for the Eastern District of California was served on all parties registered for e-filing in this matter on this the 8th day of August 2014.

　　　　　　　　　　　　　　　　　　/s/  Jill K. Rizzo